**WEN XIU ZHOU, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 05–5647–ag.

United States Court of Appeals, Second Circuit.

July 13, 2006.

Wendy Tso, New York, New York, for Petitioner.

Peter Keisler, Assistant Attorney General, Civil Division, Rita R. Valdrini, Acting United States Attorney, Betsy C. Jividen, Assistant United States Attorney, Wheeling, West Virginia, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. B.D. PARKER, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Wen Xiu Zhou, though counsel, petitions for review of the BIA decision summarily affirming Immigration Judge ("IJ") Adam Opaciuch's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). Like other factual findings, the Court reviews adverse credibility determinations under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ's adverse credibility determination is substantially supported by the record as a whole. The IJ correctly noted that Zhou's testimony regarding how family planning officials caught his girlfriend was inconsistent with his written application for relief. The IJ was reasonable in determining that Zhou's explanation that "all of this was told to me by my father" did not adequately resolve the conflicting testimony, and, as it is a material element of Zhou's claim of persecution by the family planning officials, it is a proper basis for an adverse credibility finding. Additionally, Zhou's testimony regarding his interrogation by family planning officials, what took place after his girlfriend's abortion, and the payment of an overbirth fine does not make out the elements of a claim of persecution, and because Zhou was probed with additional questioning on each topic, the IJ was reasonable in determining that his sparse testimony caused him to be implausible, and thus undermined his overall credibility. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 159 n. 12 (2d Cir.2006) (upholding implausibility finding); *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 152 (2d Cir.2003) (holding that while the vagueness of testimony may be an independent basis for denying a claim irrespective of credibility, this is only where the testimony does not identify facts corresponding to each of the elements on which the applicant has the burden of proof).

The IJ also correctly observed that Zhou's testimony regarding his arrest was inconsistent with his airport and credible fear interviews. When confronted with these discrepant claims, Zhou testified that he could not remember what he had previously said to immigration officials. Here, the record contains a sufficiently accurate transcript of Zhou's airport interview. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004). The transcript indicates that the interview was designed to elicit detail of an asylum claim. *See id.* Furthermore, there is no evidence that Zhou was reluctant to reveal information or that he had any trouble understanding the questions posed to him in Mandarin. *See id.* Finally, this transcript "bears the hallmarks of accuracy" as it was typed, signed at the end, and initialed by him on each page. *See id.* The statements made during that interrogation concerning Zhou's experiences in China and fear of return directly contradict those he made later in his credible fear interview and during his hearing testimony, and go to material elements of his claim for relief. As such, the IJ was correct in using the discrepancies between Zhou's airport interview and his subsequent testimony as a basis for the adverse credibility finding.

Substantial evidence thus supports the IJ's denial of asylum. Because the only evidence of a threat to the petitioner's life or freedom depended upon the petitioner's credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Additionally, because Zhou's CAT claim was based upon the same factual premise as his asylum and withholding claims, the IJ's denial of CAT relief based on adverse credibility was also proper. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005) (upholding denial of CAT relief based on a proper adverse credibility finding with respect to the specific fact upon which CAT claim was premised).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED

in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).